UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **Akeem Henderson, et al.** <br><br> Plaintiffs; <br><br> v. <br><br> **Willis-Knighton Medical Center** <br><br> Defendant. | Case No. 5:19-CV-00163 <br><br> Judge Elizabeth E. Foote <br><br> Magistrate Judge Mark L. Hornsby <br><br> Jury Trial Demanded |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S *DAUBERT* MOTION TO LIMIT THE SCOPE OF DR. RICHARD SOBEL'S TESTIMONY**

MAY IT PLEASE THE COURT:

Defendant Willis-Knighton Medical Center respectfully submits this Memorandum in Support of its Motion to limit the scope of Dr. Richard Sobel's testimony at trial. Defendant seeks a ruling (1) precluding any reference, testimony, questioning, or evidence at trial attempting to establish Dr. Sobel as an "EMTALA expert" and excluding any expert testimony that EMTALA was violated, and (2) ordering that Dr. Sobel may not testify regarding the standard of care applicable to A.H.'s healthcare providers on February 10, 2018 as Plaintiff has not alleged any claims of medical negligence, and specifically stated in their Complaint they sought no relief under medical malpractice laws. (Doc. 1, paragraph 2).

Dr. Sobel is a medical doctor, not a legal scholar. Defendant seeks a limitation on Dr. Sobel's testimony insofar as he purports to be an expert in ETMALA and attempts to draw <u>legal conclusions</u> related to the provisions of that law. Furthermore, any instructions regarding

EMTALA and its definitions are the province of this Court alone and should not be explained by Dr. Sobel at trial.

## BACKGROUND

This action arises out of the medical treatment provided to A.H., a minor child, in the Emergency Department at Willis-Knighton Medical Center South on or about February 10, 2018. Plaintiffs filed a Complaint naming Willis-Knighton as a defendant on February 11, 2019, alleging claims under the Emergency Medical Treatment and Labor Act ("EMTALA"), 42 U.S.C. § 1395(dd). (Doc. 1). Plaintiffs have **not** alleged any claim of medical malpractice against Defendant pursuant to the Louisiana Medical Malpractice Act. In fact, the Complaint specifically states "[n]o relief is sought under medical malpractice." (Doc. 1, paragraph 2).

EMTALA was enacted by Congress in response to concerns about hospitals "dumping" patients who are uninsured or otherwise unable to pay for care, either by refusing emergency treatment or by failing to stabilize patients before transfer to another facility. EMTALA does not create a national standard of care for hospitals or provide a federal medical malpractice cause of action. *See Thornhill v. Jackson Par. Hosp.,* 2016 WL (W.D. La. May 4, 2016).

EMTALA requires a hospital provide the following to a person seeking emergency medical treatment: (1) an appropriate medical screening, (2) stabilization of a known emergency medical condition, and (3) restrictions on transfer of an unstabilized individual to another medical facility. *Battle v. Mem. Hosp. at Gulfport*, 228 F.3d 544, 557 (5th Cir. 2000) (citing 42 U.S.C. § 1395dd(a)–(c)). Plaintiffs' only claim is that A.H. was not stable at the time of discharge. Plaintiffs affirmatively plead that an appropriate screening was provided by Willis-Knighton. (Doc. 1, paragraph 8).

Plaintiffs retained Dr. Richard Sobel as an expert, whose discovery deposition was taken on November 26, 2019. Dr. Sobel is a physician specializing in emergency medicine. Defendant has no objection to Dr. Sobel being tendered as an expert in emergency medicine, but disputes that he is qualified to testify as an expert in a law, as Plaintiffs' counsel has repeatedly referred to Dr. Sobel as an "EMTALA expert" and Defendant anticipates he will be tendered as such at trial.

Additionally, Dr. Sobel offered opinions during his deposition as to whether the standard of care was met by A.H.'s health care providers at Willis-Knighton. As medical malpractice has not been alleged by Plaintiffs, any testimony as to whether any health care provider's treatment was negligent or constituted a breach of the standard of care is outside the scope of the Complaint, irrelevant to Plaintiffs' EMTALA claim, and should be excluded at trial.

## LAW AND ARGUMENT

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Civ. P. 702. In *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), the Supreme Court held that trial courts should serve as gatekeepers for expert testimony and should not admit such testimony without first determining that the testimony is both "reliable" and "relevant." *Daubert,* at 589.

The trial court is the gatekeeper of scientific evidence and testimony. *Id.* at 596. It has an obligation to ensure that any and all expert testimony meets the standards set forth by Rule 702

and *Daubert*. Accordingly, the court must assess whether the reasoning or methodology underlying the testimony is scientifically valid and whether the reasoning or methodology can be properly applied to the facts at issue. *Id.* at 592–93. In making this assessment, the trial court is not required to take the expert's word for it. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 147 (1997).

To qualify as an expert, a witness "must have such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth." *U.S. v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) (quoting *United States v. Bourgeois*, 950 F.2d 980, 987 (5th Cir. 1992). The Court "should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009).

**1. Dr. Richard Sobel is not qualified to offer opinions and conclusions as to whether EMTALA was violated in this case.**

Federal Rule of Evidence 704 permits a witness to "express an opinion as to an ultimate issue that must be decided by the trier of fact." *See United States v. Gold,* 743 F.2d 800, 817 (11th Cir.1984) (citing *United States v. Miller,* 600 F.2d 498, 500 (5th Cir.), *cert. denied,* 444 U.S. 955, 100 S.Ct. 434, 62 L.Ed.2d 327 (1979)). Federal Rule of Evidence 704 provides that opinion testimony is not objectionable just because it embraces an ultimate issue to be decided by the trier of fact. F. R. Evid. 704. However, Rule 704 does not permit expert witnesses to offer conclusions of law. *C.P. Interests, Inc. v. California Pools, Inc.,* 238 F.3d 690, 697 (5th Cir.2001). Expert testimony that offers a legal opinion is inadmissible. *Estate of Sowell v. United States*, 198 F.3d 169, 171 (5th Cir. 1999); *Askanase v. Fatjo*, 130 F.3d 657, 669 (5th Cir. 1997). Further, an expert cannot make "legal conclusions reserved for the court," credit or discredit witness testimony, or

"otherwise make factual determinations reserved for the trier of fact." *Highland Capital Mgmt., L.P. v. Bank of Am., N.A.*, 574 F.App'x 486, 491 (5th Cir. 2014).

Dr. Richard Sobel, Plaintiffs' retained expert, has been referred to as an expert in EMTALA and emergency medicine. (*See e.g.* Doc. 22, p. 2). Defendant does not object to Dr. Sobel testifying as an expert in emergency medicine, but asserts he is not qualified to opine as to whether EMTALA was violated in this case – which is an inadmissible opinion as to an ultimate issue of law.

In *Guzman v. Memorial Hermann Hosp. System*, 637 F.Supp.2d 464 (S.D. Tex. 2009), the plaintiffs brought a claim under EMTALA, and retained an expert witness, Dr. Stephen Hayden, who offered an opinion that certain hospital actions violated EMTALA. The defendant hospital filed a motion to strike portions of Dr. Hayden's affidavit, which was offered in opposition to a motion for summary judgment filed by the hospital, offering legal conclusions that EMTALA was violated. The Court granted the motion to strike Dr. Hayden's affidavit as to his legal conclusions concerning EMTALA as such opinion testimony is inadmissible. *Id.* at 520.

In *Martinez v. Porta*, the United States District Court for the Northern District of Texas held that expert opinions as to whether a hospital violated EMTALA were inadmissible legal conclusions. *Martinez v. Porta,* 601 F.Supp.2d 865 (N.D. Tex. 2009). The court found that the medical experts' opinions regarding whether EMTALA was violated were irrelevant and inadmissible, because the experts attempted "to do what [the] Court is charged with doing – informing the jury of the law applicable to the case." *Id.* at 867. The court further stated that legal conclusions from experts "usurp the province" of the court. *Id.*

In *Mikeska v. Las Cruces Regional Med.* Center, Samantha Mikeska visited Las Cruces Regional Medical Center twice on the same day and was discharged after being misdiagnosed with a ruptured ovarian cyst. *Mikeska v. Las Cruces Regional Medical Center*, 388 P.3d 266 (Ct. App.

New Mex. 2016). She returned four days later and was diagnosed with a bowel obstruction which required surgery. Ms. Mikeska brough a suit against Las Cruces Regional Medical Center for violation of EMTALA. The hospital hired an expert witness who opined that EMTALA was not violated. The Court held opinion testimony seeking to set forth a legal conclusion is inadmissible and found the district court erred in allowing the witnesses to testify as to questions of law. *Id.*

For these reasons, Defendant seeks an order prohibiting Dr. Sobel from being referred to or holding himself out as an "EMTALA expert," and precluding him from offering opinions as to legal conclusions under EMTALA. In other words, Defendant seeks an order limiting Dr. Sobel's testimony <u>only</u> to his opinions on the medical treatment provided to the patient, rather than any testimony or discussion of his own understanding of EMTALA, it's definitions, or the provisions of the statute.

**2. Defendant seeks the exclusion of any testimony or evidence regarding the standard of care applicable to A.H.'s health care providers, because such testimony goes beyond the scope of the Complaint.**

During his deposition, as well as in his written report, Dr. Sobel offered opinions as to the standard of care applicable to A.H.'s health care providers at Willis-Knighton on February 10, 2018.[1] Sobel improperly conflates the requirements of EMTALA with a reasonableness standard applicable to medical negligence claims.

Plaintiffs have not alleged medical malpractice in their Complaint. In fact, the Complaint affirmatively states "[n]o relief is sought under medical malpractice." (Doc. 1, paragraph 2). Any testimony regarding whether the standard of care was met is beyond the scope of the allegations

---

[1] *Exhibit A*, Excerpts from the Deposition of Dr. Richard Sobel.

set forth in Plaintiffs' Complaint, and is therefore not relevant to this EMTALA matter under Rule 403 of the Federal Rules of Civil Procedure.

EMTALA is not a federal malpractice statute. *See Thornhill v. Jackson Par. Hosp.,* 2016 WL (W.D. La. May 4, 2016); *Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 322 (5th Cir. 1998). Under EMTALA, plaintiffs will be required to show the hospital either (1) didn't provide an appropriate medical screening or (2) didn't stabilize a known emergency medical condition. Plaintiffs' Complaint affirmatively pleads that an appropriate medical screening was done. (Doc. 1, paragraph 8). There will necessarily be testimony at trial regarding the medical care provided to A.H., including testimony and evidence regarding her presentation, the medical screening performed, and whether she was medically stable at the time of discharge. However, whether the standard of care was met is not pertinent to what Plaintiffs must show in order to prove their claims under EMTALA.

As to whether an "appropriate" medical screening was done, the question is whether the hospital failed to follow its own procedures or the patient was treated differently than other similarly situated patients, or that the screening was so cursory that it amounted to no screening at all. *See e.g. Fewins v. Granbury Hospital Corporation*, 662 F. App'x 327, 331 (5th Cir. 2016). With respect to the stabilization of the patient, under EMTALA an emergency medical condition is "stabilized" if "no material deterioration of the condition is likely, within reasonable medical probability, to result from or occur during the transfer of the individual from a facility." 42 U.S.C. § 1395dd(e)(3)(B). Transfer "means the movement (including the discharge) of an individual outside a hospital's facilities at the direction of any person employed by (or affiliated or associated, directly or indirectly, with) the hospital." 42 U.S.C. § 1395dd(e)(4). The hospital's responsibility under the statute ends when it has stabilized the individual's medical condition. *See Brooker v.*

*Desert Hosp. Corp.*, 947 F.2d 412, 415 (9th Cir. 1991). The duty to stabilize does not arise unless the hospital has actual knowledge that the patient has an unstabilized medical emergency. *Battle ex rel Battle v. Memorial Hospital at Gulfport,* 28 F.3d at 558, (5th Cir. 2000), citing *Marshall v. East Carroll Parish Hosp.,* 134 F.3d 319, 325 (5th Cir.1998)).

Under Fed. R. Evid. 702, an expert may testify if "his scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Testimony from Dr. Sobel regarding the standard of care will not help the jury understand the evidence or ultimately aid them in determining facts under EMTALA. Excluding testimony from Dr. Sobel regarding the standard of care is also appropriate under Rules 402 and 403 of the Federal Rules of Civil Procedure, as it is irrelevant to Plaintiffs' claims and the introduction of such evidence presents a danger of jury confusion by framing the claims as medical negligence claims, rather than an action under EMTALA.

## CONCLUSION

For these reasons, Defendant Willis-Knighton Medical Center prays its motion be granted, and that this Court order Plaintiffs be precluded from referring to Dr. Sobel as an expert in EMTALA, or otherwise introducing any testimony or evidence from of Dr. Sobel, or of any other medical expert, as to legal conclusions under EMTALA. Defendant further prays the Court limit Dr. Sobel from testifying as to the standard of care in this case, as Plaintiffs have not alleged claims of medical negligence and such testimony is irrelevant.

*[signatures on next page]*

Respectfully Submitted,

*/s/ Lamar P. Pugh*
Lamar P. Pugh
Louisiana Bar Roll Number. 20070
Robert G. Pugh, III
Louisiana Bar Roll Number 36631
PUGH, PUGH & PUGH L.L.P.
333 Texas Street, Suite 2100
Shreveport, Louisiana 71101
Telephone: 318-227-2270
Telecopier: 318-227-2273
lamar@thepughlawfirm.com

*/s/ Robert W. Robison, Jr.*
Robert W. Robison, Jr.
Louisiana Bar Roll Number 24630
Shelby L. Giddings
Louisiana Bar Roll Number 38232
WATSON, BLANCHE, WILSON & POSNER, LLP
505 North Boulevard
Baton Rouge, Louisiana 70821
Telephone: 225-387-5511
Telecopier: 225-387-5972
rrobison@wbwplaw.com

*Attorneys for Defendant*
*Willis-Knighton Medical Center*
*d/b/a Willis-Knighton South*

**CERTIFICATE OF SERVICE**

I hereby certify a copy of the foregoing has been provided to opposing counsel electronically via the CM/ECF/ PACER system, on this 2nd day of March, 2020.

*/s/ Shelby L. Giddings.*
Shelby L. Giddings