UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **Akeem Henderson, et al.**<br><br>Plaintiffs;<br><br>v.<br><br>**Willis-Knighton Medical Center d/b/a Willis-Knighton South**<br><br>Defendant. | Case No. 5:19-CV-00163<br><br>Judge Elizabeth E. Foote<br><br>Magistrate Judge Mark L. Hornsby<br><br>Jury Trial Demanded |

**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

1. This action arises out of medical treatment provided to A.H., a 4-year-old female, in the Emergency Department at Willis-Knighton South & Center for Women's Health (Willis-Knighton South") on or about February 10, 2018. A.H. had a history of asthma and autism, and used breathing treatments at home.

2. On February 10, 2018 at 1:54 a.m., A.H. was presented to the Emergency Department at Willis-Knighton South with complaints of breathing difficulty and asthma exacerbation. The patient's mother reported the patient had been to a WK Quick Care clinic the day before, and was given a Z-pak for upper respiratory infection.

3. A.H. was triaged at 02:05 by Susan Rainer, RN, who gave her an acuity of "Emergent." A.H. was given a DuoNeb breathing treatment at that time. Vital signs of Pulse 156, Respirations 35, and Pulse Ox 91% on room air were documented. Bedside monitors and pulse oximeter monitors were on.

4. The patient was screened and examined by emergency room physician Dr. David Easterling at 02:30. Dr. Easterling ordered a Stat Influenza test, a Stat Chest X-ray, and noted the patient exhibited a cough and mild wheezing, but no bronchial sounds or decreased breath sounds were appreciated.

5. Dr. Easterling ordered Albuterol and Decadron, which were administered to the patient at 03:11 and 03:12, respectively. The patient responded well to both medications, and her symptoms improved. The patient's condition returned to baseline.

6. At 03:23, the patient's vital signs were: Pulse 145, Resp 34, and Pulse Ox 99%. The patient had no adverse reaction to the Albuterol or Decadron.

7. The patient was discharged to home at 03:59. Dr. Easterling had a detailed discussion with the family regarding discharge and the patient's mother did not express any questions of concerns. Dr. Easterling prescribed prednisone for the patient to take at home.

8. Following her discharge from Willis-Knighton South, A.H. was taken to her grandmother's house and went to sleep. A few hours later, A.H. patient reportedly woke up in respiratory distress, and was taken to the emergency department at WK Bossier Health Center. The patient was treated at WK Bossier Health Center and subsequently transferred to Willis-Knighton South, where she was treated for respiratory and cardiac arrest and brain death. The patient expired in the hospital a few days later on February 16, 2018.

9. While at Willis-Knighton South the second time, A.H. underwent an examination by a Sexual Assault Nurse Examiner for signs of potential sexual abuse. A.H. did not exhibit such signs during her first treatment at Willis-Knighton South on February 10, 2018.

10. A.H. had been treated on 37 other occasions at Willis-Knighton emergency department. She was admitted to the hospital 7 times.

11. Plaintiffs allege an appropriate screening was done pursuant to the requirements of the Emergency Medical Treatment and Labor Act ("EMTALA"), 42 U.S.C. § 1395(dd).

12. Plaintiffs filed a Complaint naming Willis-Knighton as a defendant on February 11, 2019, alleging claims under EMTALA.  Plaintiffs did **not** allege medical malpractice against Defendant pursuant to the Louisiana Medical Malpractice Act. In fact, the Complaint specifically states "[n]o relief is sought under medical malpractice." (Doc. 1, paragraph 2).

13. EMTALA was enacted by Congress in response to concerns about hospitals "dumping" patients who are uninsured or otherwise unable to pay for care, either by refusing emergency treatment or by failing to stabilize patients before transfer to another facility. EMTALA does not create a national standard of care for hospitals or provide a federal medical malpractice cause of action. *See Thornhill v. Jackson Par. Hosp.,* 2016 WL (W.D. La. May 4, 2016).

Respectfully Submitted,

*/s/ Lamar P. Pugh*
Lamar P. Pugh
Louisiana Bar Roll Number. 20070
Robert G. Pugh, III
Louisiana Bar Roll Number 36631
PUGH, PUGH & PUGH L.L.P.
333 Texas Street, Suite 2100
Shreveport, Louisiana 71101
Telephone: 318-227-2270
Telecopier: 318-227-2273
lamar@thepughlawfirm.com

[*continued on next page*]

/s/ Shelby L. Giddings
Robert W. Robison, Jr.
Louisiana Bar Roll Number 24630
Shelby L. Giddings
Louisiana Bar Roll Number 38232
WATSON, BLANCHE, WILSON & POSNER, LLP
505 North Boulevard
Baton Rouge, Louisiana 70821
Telephone: 225-387-5511
Telecopier: 225-387-5972
rrobison@wbwplaw.com

*Attorneys for Defendant*
*Willis-Knighton Medical Center*
*d/b/a Willis-Knighton South*

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing has been provided to opposing counsel electronically via the CM/ECF/ PACER system, on this 20th day of April, 2020.

/s/ Shelby L. Giddings.
Shelby L. Giddings