# PUGH, PUGH & PUGH

L.   L.   P.

ATTORNEYS AT LAW

ROBERT G. PUGH, JR.
LAMAR  P . PUGH*
ROBERT G. PUGH, III
*Also admitted in Texas

ROBERT G. PUGH
(1924-2007)

June 3, 2020

Sedric E. Banks
S. Hutton Banks
Attorney at Law
1038 North Ninth
Monroe, Louisiana 71201

*Via Electronic mail:* sedbanks@aol.com; bankssh@hotmail.com
Original to follow via United States Mail

Re:     Henderson, et al. V. Willis-Knighton Medical Center
        Civil Action No: 5:19-cv-00163

Gentlemen:

Enclosed please find Willis-Knighton Medical Center's supplemental discovery response pursuant to the Court's order during the May 27, 2020 Daubert hearing (R. 54). Please contact me if you have any questions regarding this letter or the supplemental responses. Many thanks.

Sincerely,

Lamar P. Pugh

LPP/mp
cc:     Honorable Elizabeth E. Foote (via footemotions@lawd.uscourts.gov
        Robert Robison via email
        Shelby Giddings via email

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **Akeem Henderson, et al.**<br>Plaintiffs; | Case No. 5:19-CV-00163<br><br>Judge Elizabeth E. Foote<br><br>Magistrate Judge Mark L. Hornsby |
| v. | |
| **Willis-Knighton Medical Center<br>d/b/a Willis-Knighton South Hospital**<br>Defendant. | |

## WILLIS-KNIGHTON MEDICAL CENTER SUPLEMENTAL RESPONSES TO PLAINTIFFS' AND REQUEST FOR PRODUCTION

Pursuant to the Court's order dated May 27, 2020 (Rec. 54) and under Federal Rule of Civil Procedures 34, Defendant Willis-Knighton Medical Center ("Willis-Knighton"), serves this supplemental response to Plaintiffs' Akeem Henderson, et al. (collectively "Plaintiffs"), Request for Production of Documents.

**REQUEST FOR PRODUCTION NO.1:**  Please produce any and all documents, tables, charts, policies, procedures, graphs, tables, training materials and protocols which were in effect at the time of A.H.'s discharge and which refer or relate in any manner or to any extent, to the following subject matters:

**(a) administration of oxygen to a pediatric patient and/or the reassessment of that patient prior to discharge;**

**Original Response:**

Please see attached (1) Oxygen Protocol which would apply to inpatients of the hospital and (2) Emergency Department Standing Orders.

1

**Supplemental Response:**

The undersigned counsel for Willis-Knighton Health System read Request for Production Number 1 broadly to include all policies of Willis-Knighton in effect on February 10, 2018 (the date of A.H.'s discharge) . As such, the first document  produced in Response to #1(a) which was the O2 Protocol in existence on February 10, 2018. As indicated in the original response, this protocol is an inpatient protocol only.  Since A.H. was a patient of the emergency room and not admitted as an inpatient to the hospital, this O2 Protocol would not be applicable to A.H.'s visit on February 10, 2018.

Willis-Knighton does not have an O2 Protocol for Emergency Room patients.  However, a review of the emergency room policies in effect on February 10, 2018 revealed a Standing Orders General Care Policy that had a reference to O2 saturation so it was produced as the second document in Response to  #1(a).

**(b) clinical signs of hypoxemia in a pediatric patient and the reassessment of that patient prior to discharge:**

**Original Response:**

Please see Oxygen Protocol attached to Response to Request for Production #1 (a).

**Supplemental Response:**

Please see the first document  produced in Response #1(a) which was the O2 Protocol in existence on February 10, 2018. As indicated in the original response it is an inpatient protocol only.  Since A.H. was a patient of the emergency room and not admitted as an inpatient to the hospital this O2 Protocol would not be applicable to A.H.'s emergency room visit on February 10, 2018.

**(g) Administration of oxygen, including without limitation, administration of oxygen to a pediatric patient.**

**Original Response:**

Please see response to Request for Production Number #1(a).

**Supplemental Response:**

Please see documents produced in the original response to Request for Production Number #1(a) as well as the supplemental explanation above with reference to Request for Production Number #1 (a).

All of the above and foregoing is thus respectfully submitted.


*/s/ Lamar P. Pugh*
Lamar P. Pugh
Louisiana Bar Roll Number. 20070
Robert G. Pugh, III
Louisiana Bar Roll Number 36631
PUGH, PUGH & PUGH L.L.P.
333 Texas Street, Suite 2100
Shreveport, Louisiana 71101
Telephone: 318-227-2270
Telecopier: 318-227-2273
lamar@thepughlawfirm.com

Robert W. Robison, Jr.
Louisiana Bar Roll Number 24630
Shelby Giddings
Louisiana Bar Roll Number 38232
WATSON, BLANCHE, WILSON & POSNER, LLP
505 North Boulevard
Baton Rouge, Louisiana 70821
Telephone: 225-387-5511
Telecopier: 225-387-5972
rrobison@wbwplaw.com

*Attorneys for Defendant Willis-Knighton Medical Center*
*d/b/a Willis-Knighton South*

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing supplemental discovery responses have this day been served upon the Plaintiffs, Akeem Henderson, et al., through their counsel of record, Sedric Banks, Esq. and Hutton Banks, Esq., 1038 North Ninth Street, Monroe, LA 71201 by electronic mail and by depositing the same in the United States Mail, postage prepaid, properly addressed and to the Court through the use of the email address provided by the Court.

Shreveport, Caddo Parish, Louisiana, June 3, 2020.

Lamar P. Pugh,
Of Counsel

4